UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSEPH KOZIMOR and LORRAINE KOZIMOR,

                Plaintiff,

vs.                                    Case No.  2:06-cv-317-FtM-SPC

W.L. GORE & ASSOCIATES, INC.,

                Defendant.

_____

**OPINION AND ORDER**

      This matter comes before the Court on defendant's Motion to Dismiss Count II of Plaintiffs' Complaint (Doc. #13), filed on July 15, 2006.  On September 28, 2006, the Court issued an Order (Doc. #22) directing plaintiff to file a response, but stating that if no response was filed the Court would rule without the benefit of a response and without further notice.  No response has been filed and the time to do so has now expired.  Therefore, the Court finds that the motion is ripe for review.

**I.**

      In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff.  Christopher v. Harbury, 536 U.S. 403, 406 (2002); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003).  A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957)

(footnote omitted); <u>Marsh v. Butler County, Ala.</u>, 268 F.3d 1014, 1022 (11th Cir. 2001)(*en banc*).  Dismissal is warranted "only if it appears beyond doubt that the allegations in the complaint, when viewed in the light most favorable to the plaintiff, do not state a claim upon which relief can be granted."  <u>Grippo v. Perazzo</u>, 357 F.3d 1218, 1222 (11th Cir. 2004).

## II.

The Complaint (Doc. #3), originally filed in the Twentieth Judicial Circuit Court, in and for Collier County, Florida, was removed by Notice of Removal (Doc. #1) to federal court on June 28, 2006.  Taking all allegations as true, plaintiffs Joseph and Lorraine Kozimor, husband and wife, seek damages against defendant W.L. Gore & Associates, Inc. (defendant) for injury arising from an arteriogram with stenting of plaintiff Joseph Kozimor's left common iliac artery which took place on or about November 10, 2004, at Naples Community Hospital in Naples, Florida.  The stent was a Gore Viabahn Endroprosthesis and was manufactured, assembled, marketed, sold and/or otherwise placed into the stream of commerce by defendant.

During the operation, the stent misdeployed resulting a superficial femoral artery being occluded or blocked.  As a result, Joseph Kozimor underwent further surgery, developed an infection, and suffered injury.  Lorraine Kozimor's damages are based on the

expenses of her husband's medical care, loss of consortium, and other related damages.

### III.

Plaintiffs claim strict liability, breach of an implied warranty for fitness for a particular purpose, and negligence. Only Count II is the subject of the motion to dismiss. Defendant alleges that plaintiffs fail to state a cause of action because no allegation of privity is made, which is a necessary element of the breach of implied warranty claim. The Court agrees.

Under FLA. STAT. § 672.315,

> Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under the next section an implied warranty that the goods shall be fit for such purpose.

The Florida Supreme Court recently reiterated that "the doctrine of strict liability replaced all no-privity, breach of implied warranty liability. However, a cause of action for breach of implied warranty remains available where the parties are in privity of contract." Indemnity Ins. Co. of N. Am. v. American Aviation, Inc., 891 So. 2d 532, 539 (Fla. 2004)(citing Kramer v. Piper Aircraft Corp., 520 So. 2d 37, 39 (Fla. 1988)). See also West v. Caterpillar Tractor Co, Inc., 336 So. 2d 80, 88 (Fla. 1976)(an implied warranty claim is an "action in contract"); GAF Corp. v. Zack Co., 445 So. 2d 350, 352 (Fla. 3d DCA 1984)(action would be

barred for lack of privity); <u>Affiliates for Evaluation & Therapy, Inc. v. Viasyn Corp.</u>, 500 So. 2d 688, 693 (Fla. 3d DCA 1987)(action "cannot be maintained in the absence of contractual privity"); <u>Westinghouse Corp. v. Ruiz</u>, 537 So. 2d 596, 596-97 (Fla. 3d DCA 1988)("A contract action for breach of implied warranty does not lie where there is no privity of contract."); <u>Brophy v. DaimlerChrysler Corp.</u>, 932 So. 2d 272, 274 (Fla. 2d DCA 2005)(same).  Taking all allegations as true, it is clear that no privity of contract existed between plaintiffs and the defendant manufacturer of the stent.  Therefore, plaintiffs cannot state a claim for a breach of implied warranty.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Defendant's Motion to Dismiss Count II of Plaintiffs' Complaint (Doc. #13) is **GRANTED** and Count II is **dismissed with prejudice**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___27th___ day of November, 2006.

JOHN E. STEELE
United States District Judge